964 So.2d 140 (2007)
In re AMENDMENTS TO THE FLORIDA PROBATE RULES.
No. SC07-1258.
Supreme Court of Florida.
July 12, 2007.
Linda S. Griffin, Chair, Florida Probate Rules Committee, Clearwater, Florida, John F. Harkness, Jr., Executive Director and J. Craig Shaw, Staff Liaison, The Florida Bar, Tallahassee, Florida, for Petitioner.
PER CURIAM.
The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to the Florida Probate Rules to conform the rules to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).

*141 BACKGROUND
Under the Committee's "fast-track" procedure for considering new legislation, the Committee proposes substantive amendments to rules 5.015 (General Definitions), 5.240 (Notice of Administration), and 5.241 (Notice to Creditors) and proposes new rule 5.648 (Emergency Temporary Guardian). Minor editorial amendments to the Committee Notes accompanying the rules are also proposed in response to recent legislative or rule amendments. The Executive Committee of the Florida Bar Board of Governors approved each of the Committee's substantive proposals by a vote of 8-0.

AMENDMENTS
After considering the Committee's proposals and reviewing the relevant legislation, we amend the Florida Probate Rules as proposed by the Committee. The substantive rule amendments proposed are in response to legislative amendments passed in the 2005 and 2006 legislative sessions, some of which only recently became effective on July 1, 2007. In 2006, the Legislature repealed chapter 737, Florida Statutes (Trust Administration), and created new chapter 736, Florida Statutes (Florida Trust Code), effective July 1, 2007. See ch. 2006-217, §§ 1-13, 48, 49, Laws of Fla. Additionally, new chapter 739 (Florida Uniform Disclaimer of Property Interests Act) was added in 2005. See ch. 2005-108, § 1, Laws of Fla. In response to these legislative changes, the reference to chapter 737 in subdivision (a) of rule 5.015 (General Definitions) is deleted and references to chapters 736 and 739 are added.
Next, also in response to the repeal of chapter 737 and the creation of new chapter 736, subdivision (a)(3) of rule 5.240 (Notice of Administration) is amended to replace the term "beneficiary," formerly defined in section 737.303(4)(b), Florida Statutes (2006) with the term "qualified beneficiary," as defined in section 736.0103(14), Florida Statutes (2006). Additionally, new subdivision 5.240(e) (Waiver of Service) has been added to clarify when deadlines commence as to persons waiving rather than receiving service.
Next, new subdivision (e) is added to rule 5.241 (Notice to Creditors) to provide that if service of the notice to creditors on the Agency for Health Care Administration is required, it must be accompanied by a death certificate. This requirement is deemed by the Committee to be a procedural requirement that should be included in the rule because of the inclusion of a similar requirement in section 733.2121(3)(d), Florida Statutes (2006). See ch. 2005-140, § 4, Laws of Fla. (amending section 733.2121(3)(d), effective July 1, 2005).
Finally, the Committee proposes new rule 5.648 (Emergency Temporary Guardian). The Committee did not address the amendments to section 744.3031, Florida Statutes ("Emergency temporary guardianship") made by chapter 2006-178, section 5, Laws of Florida, in its 2006 fast-track report. However, the Committee recently reexamined these amendments and concluded that the amended statute contains procedure that properly should be contained in a rule. The proposed new rule incorporates the procedural aspects of the statute and provides additional procedural guidance to petitioners and emergency temporary guardians. Subdivision (a) of the rule addresses the contents of the petition and includes allegations satisfying the requirements of section 744.3031(1), Florida Statutes (2006); subdivision (b) provides that notice of the petition and any hearing on the petition must be served on the alleged incapacitated person and that person's attorney; subdivision (c) provides for service of the petition and notice on the *142 public guardian if the petitioner proposes that the public guardian be appointed as emergency temporary guardian; subdivision (d) provides that the order appointing the emergency temporary guardian must include a statement of the powers and duties of the guardian, as required by section 744.3031(1), Florida Statutes (2006); subdivision (e) provides the procedure to extend the authority of the emergency temporary guardian and carries out the intent of section 744.3031(3), Florida Statutes (2006); and, finally, subdivision (f) addresses the contents of the emergency temporary guardian's final report, incorporating the procedure now contained in section 744.3031(8), Florida Statutes (2006).

CONCLUSION
Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. These amendments shall become effective immediately upon the release of this opinion. However, because the Court did not publish the amendments for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 5.015. GENERAL DEFINITIONS
(a) General. The definitions and rules of construction stated or referred to in section 1.01, Florida Statutes, and chapters 731, 732, 733, 734, 735, 736, 737, 738, 739, and 744, Florida Statutes, as amended from time to time, shall apply to these rules, unless otherwise defined in these rules.
(b) [No Change]

Committee Notes
Rule History
1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See Fla. Prob. R. 5.190 and 5.540 and also §§ 731.201 and 744.102, Fla. Stat.
1988 Revision: Rule was expanded due to deletion of rule 5.190. Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Citation form changes in rule and committee notes.
*143 2000 Revision: Subdivision (b)(2) amended to delete outdated reference to rule 5.550(c).
2007 Revision: Subdivision (a) amended to add reference to chapter 736, Florida Statutes, which was added to the statutes effective July 1, 2007, and which replaces deleted chapter 737, and to add reference to chapter 739, Florida Statutes, which was added effective July 1, 2005. Committee notes revised.
Statutory References
§ 1.01, Fla. Stat. Definitions.
§ 731.201, Fla. Stat. General definitions.
§ 736.0103, Fla. Stat. Definitions.
§ 738.102, Fla. Stat. Definitions.
§ 739.102, Fla. Stat. Definitions.
§ 744.102, Fla. Stat. Definitions.
RULE 5.040. NOTICE
(a)  (d) [No Change]

Committee Notes

[No Change]
Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3)(A) amended to delete requirement of court approval of commercial delivery service.
2006 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16),(20)(18),(22), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
*144 § 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative's right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
§ 744.106, Fla. Stat. Notice.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
[No Change]
RULE 5.080. DISCOVERY AND SUBPOENA
(a)  (c) [No Change]

Committee Notes

[No Change]
Rule History
1975 Revision: This rule is the same as prior rule 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in nonadversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Florida Rules of Civil Procedure 1.290, 1.300, 1.351, and 1.410 have been added.
1988 Revision: Subdivision (a)(15) deleted as duplicative of rule 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Reference to rule 1.400 eliminated because of deletion of that rule from the Florida Rules of Civil Procedure. Editorial change.
2002 Revision: Reference to rule 1.410 transferred to subdivision (a) from former rule 5.070. Subdivision (b) amended to give court discretion to assess attorneys' fees. Subdivision (c) added. Committee notes revised.
2006 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 733.106, Fla. Stat. Costs and attorney's fees.
§ 744.105, Fla. Stat. Costs.
§ 744.108, Fla. Stat. Guardian's and attorney's fees and expenses.
Rule References
[No Change]
RULE 5.200. PETITION FOR ADMINISTRATION
The petition for administration shall be verified by the petitioner and shall contain:
(a)  (j) [No Change]

Committee Notes
Rule History
1977 Revision: Addition to (b)(5) to require an affirmative statement that the *145 person sought to be appointed as personal representative is qualified to serve. Committee note expanded to include additional statutory references.
Substantially the same as section 733.202, Florida Statutes, and implementing sections 733.301 through 733.305, Florida Statutes.
1988 Revision: Editorial changes. Committee notes revised.
1992 Revision: Addition of phrase in subdivision (b) to conform to 1992 amendment to section 733.202(2)(b), Florida Statutes. Reference to clerk ascertaining the amount of the filing fee deleted in subdivision (g) because of repeal of sliding scale of filing fees. The remaining language was deemed unnecessary. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Addition of phrases in subdivision (j) to add references to wills probated in Florida where the original is in the possession of a foreign official. Editorial changes. Committee notes revised.
2003 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.202, Fla. Stat. Petition.
§ 733.301, Fla. Stat. Preference in appointment of personal representative.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.304, Fla. Stat. Nonresidents.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
Rule References
[No Change]
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Service. The personal representative shall promptly serve a copy of the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:
(1) the decedent's surviving spouse;
(2) all beneficiaries;
(3) a trustee of any trust described in section 733.707(3), Florida Statutes and each qualified beneficiary of the trust as defined in section 737.303(4)(b)736.0103(14), if each trustee is also a personal representative of the estate; and
(4) persons who may be entitled to exempt property in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under another will or heirs or others who claim or may claim an interest in the estate.
(b) Contents. The notice shall state:
(1) the name of the decedent, the file number of the estate, the designation and address of the court in which the proceedings are pending, whether the estate is testate or intestate, and, if testate, the date of the will and any codicils;
(2) the name and address of the personal representative and of the personal representative's attorney;
(3) that any interested person on whom the notice is served who challenges the validity of the will, the qualifications of the personal representative, venue, or jurisdiction of the court is required to file any objections with the court in the manner *146 provided in the Florida Probate Rules within the time required by law or those objections are forever barred;
(4) that any person entitled to exempt property is required to file a petition for determination of exempt property within the time provided by law or the right to exempt property is deemed waived; and
(5) that a surviving spouse seeking an elective share must file an election to take an elective share must be filed within the time provided by law.
(c)  (d) [No Change]
(e) Waiver of Service. For the purpose of determining deadlines established by reference to the date of service of a copy of the notice of administration in cases in which service has been waived, service on a person who has waived notice shall be deemed to occur on the date the waiver is filed.

Committee Notes
Rule History
1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to require service of notice of administration on trustees of certain revocable trusts as defined by Florida statute. Editorial changes.
2002 Revision: Procedures for notifying creditors are now governed by new rule 5.241. Committee notes revised.
2003 Revision: Change in title of (a) to reflect elimination of publication of notice. Committee notes revised.
2005 Revision: Subdivision (a)(3) amended to make it consistent with 2003 change to section 733.212(1)(c), Florida Statutes, regarding when service on trust beneficiaries is required, and clarifying editorial change made in (a). New subdivision (b)(5) added regarding notice to file election to take elective share. Committee notes revised.
2007 Revision: Subdivision (a)(3) amended to replace reference to "beneficiary" *147 with "qualified beneficiary" and to change reference from former section 737.303(4)(b) to new section 736.0103(14), which defines that term. Subdivision (b)(5) amended to delete the reference to the surviving spouse filing the election as another person can file the election on behalf of the surviving spouse. New subdivision (e) added to provide a deadline for objection by a person who waives service. Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.302, Fla. Stat. Who may be appointed personal representative.
§ 733.303, Fla. Stat. Persons not qualified.
§ 733.305, Fla. Stat. Trust companies and other corporations and associations.
§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.
§ 733.506, Fla. Stat. Proceedings for removal.
Rule References
[No Change]
RULE 5.241. NOTICE TO CREDITORS
(a)  (d) [No Change]
(e) Service of Death Certificate. If service of the notice on the Agency for Health Care Administration is required, it shall be accompanied by a death certificate.

Committee Notes

[No Change]
Rule History
2002 Revision: New rule to implement procedures consistent with new section 733.2121, Florida Statutes.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a) amended to clarify approved methods of service on creditors. Committee notes revised.
2007 Revision: New subdivision (e) added to require service of a copy of the decedent's death certificate on the Agency for Health Care Administration, as is now required by section 733.2121(3)(d), Florida Statutes.
Statutory References
[No Change]
Rule Reference
[No Change]
RULE 5.270. REVOCATION OF PROBATE
(a)  (b) [No Change]

Committee Notes

[No Change]
Rule History
1984 Revision: Extensive changes. Committee notes revised.
1988 Revision: Language of subdivision (b) of the rule rewritten to track the statute more closely. Committee notes expanded. *148 Citation form change in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: "Beneficiaries" substituted for "devisees" in subdivision (b) to conform language to section 733.109(2), Florida Statutes.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 732.5165, Fla. Stat. Effect of fraud, duress, mistake, and undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
Rule References
[No Change]
RULE 5.346. FIDUCIARY ACCOUNTING
(a)  (d) [No Change]

Committee Notes
This rule substantially adopts the Uniform Fiduciary Accounting Principles and Model Formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations.
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
Attached as Appendix B to this rule are an explanation and commentary for each of the foregoing standards, which shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable. The model accounting format included in Appendix A is only a suggested form.
Rule 5.180(a)(1)(F) allows a waiver to the requirement that principal and interest be separately accounted for.
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
1999 Revision: Committee notes revised to correct rule reference and to reflect formatting changes in accounting formats.
2002 Revision: Subdivisions (a) and (b) amended to clarify contents of accounting. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Verification requirement added as new (d). Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 733.501, Fla. Stat. Curators.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.602(1), Fla. Stat. General duties.
*149 § 733.612(18), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 737.3035736.08135, Fla. Stat. Trust accountings.
ch. 738, Fla. Stat. Principal and income.
Rule References
[No Change]

APPENDIX A
 IN THE CIRCUIT COURT FOR _________ COUNTY, FLORIDA
IN RE: ESTATE OF PROBATE DIVISION
 File Number
 Deceased. Division
 ________ ACCOUNTING OF PERSONAL REPRESENTATIVE(S)
From: ________________, _______, Through: ________________________________________
====================================================================================
 The purpose of this accounting is to acquaint all interested persons with the transactions
that have occurred during the period covered by the accounting and the assets that remain on
hand. It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B
showing all Disbursements, Schedule C showing all Distributions, Schedule D showing all
Capital Transactions and Adjustments (the effect of which are also reflected in other
schedules, if appropriate), and Schedule E showing assets on hand at the end of the
accounting period.
 It is important that this accounting be carefully examined. Requests for additional
information and any questions should be addressed to the personal representative(s) or the
attorneys for the personal representative(s), the names and addresses of whom are set forth
below.
 Under penalties of perjury, the undersigned personal representative(s) declare(s) that I
(we) have read and examined this accounting and that the facts and figures set forth in the
Summary and the attached Schedules are true, to the best of my (our) knowledge and belief,
and that it is a complete report of all cash and property transactions and of all receipts and
disbursements by me (us) as personal
representative(s) of the estate of ___________________________________________________________
deceased, from ______________________, _____ through _____________________, _____.
 Signed on ____________________, _____.
Attorney for Personal Representative: Personal Representative:
________________________________________ __________________________________________________
 Attorney __________________________________________________
 Name
Florida Bar No. ________________________
________________________________________ __________________________________________________
________________________________________ __________________________________________________
________________________________________ __________________________________________________
 (address) (address)
Telephone: _____________________________ [Print or Type Names Under All Signature Lines]
 IN THE CIRCUIT COURT FOR _________ COUNTY, FLORIDA
IN RE: ESTATE OF PROBATE DIVISION
*150
 File Number
 Deceased. Division
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE
From: _______________, _____, Through: _____________, ______________________________

====================================================================================
 SUMMARY
 Income Principal Totals
I. Starting Balance
 Assets per Inventory or on Hand at
 Close of Last Accounting Period $__________ $__________ $_________
II. Receipts
 Schedule A: $__________ $__________ $_________
III. Disbursements
 Schedule B: $__________ $__________ $_________
IV. Distributions
 Schedule C: $__________ $__________ $_________
V. Capital Transactions and Adjustments
 Schedule D: Net Gain or (Loss) $__________ $_________
VI. Assets on Hand at Close of Accounting
 Period
 Schedule E: Cash and Other Assets $__________ $__________ $_________
===========================================================================================

NOTE: Refer to Fla. Prob. R. 5.330(b), 5.345, 5.346, and 5.400.
Also see Accountings, Chapter 12 of Practice Under Florida Probate Code, 2002 (Fla. Bar CLE).
Entries on Summary are to be taken from totals on Schedules A, B, C, and D and E.
The Summary and Schedules A, B, C, D and E are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.
All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule D.
The amount in the "Total" column for Item VI must agree with the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period on Schedule E.
 __________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF ____________________________________________________________________________________
From: ___________________, ____, Through: ____________________________________________________,
==============================================================================================
SCHEDULE A Receipts
______________________________________________________________________________________________
*151
 Income Principal Totals
______________________________________________________________________________________________
 Date Brief Description of Items Income Principal
==============================================================================================
==============================================================================================
NOTE: Schedule A should reflect only those items received during administration that are not shown on the inventory. Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the sale of assets or other adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule A.
 _________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF ____________________________________________________________________________________
From: ___________________, ____, Through: ____________________________________________________,
==============================================================================================
SCHEDULE B Disbursements
----------------------------------------------------------------------------------------------
 Date Brief Description of Items Income Principal
==============================================================================================
==============================================================================================
NOTE: Schedule B should reflect only those items paid out during the accounting period. Classification of disbursements as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule B.
 _________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF ____________________________________________________________________________________
From: _________________, ____, Through: ______________________________________________________,
==============================================================================================
SCHEDULE C Distributions
*152
 Income Principal Totals
----------------------------------------------------------------------------------------------
 Date Brief Description of Items Income Principal
==============================================================================================
==============================================================================================
NOTE: Schedule C should reflect only those items or amounts distributed to beneficiaries during the accounting period. Assets distributed should be shown at their inventory or adjusted carrying values. Classification of distributions as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
Entries involving adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule C.
 _________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF ____________________________________________________________________________________
From: _________________, ____, Through: ______________________________________________________,
===============================================================================================
SCHEDULE D Capital Transactions and Adjustments
(Does not include distributions. Distributions are shown on Schedule C.)
-----------------------------------------------------------------------------------------------
 Date Brief Description of Transactions Net Gain Net Loss
===============================================================================================
 TOTAL NET GAINS AND
 LOSSES $ $
 NET GAIN OR (LOSS) $ $
===============================================================================================
*153
 Income Principal Totals
NOTE: Schedule D should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.
Entries reflecting sales should show the inventory or adjusted carrying values, the costs and expenses of the sale, and the net proceeds received. The net gain or loss should be extended in the appropriate column on the right side of Schedule D.
Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid. Presumably no gain or loss would be shown for purchases.
Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule D.
The NET gain or loss should be entered in the Principal column of the Summary.
 _________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF ____________________________________________________________________________________
From: _____________, ____, Through: __________________________________________________________,
==============================================================================================
SCHEDULE E Assets on Hand at Close of Accounting Period
(Indicate where held and legal description, certificate numbers or other identification.)
----------------------------------------------------------------------------------------------
 Estimated Carrying
 Current Value Value
==============================================================================================
ASSETS OTHER THAN CASH:
 __________________________________________
 OTHER ASSETS TOTAL $ $
CASH:
 CASH TOTAL $
TOTAL ASSETS (must agree with the Total for
Item VI on Summary) $
===============================================================================
*154
 Income Principal Totals
NOTE: Schedule E should be a complete list of all assets on hand reflecting inventory values for each item, adjusted in accord accordance with any appropriate entries on Schedule D.
Current market values for any assets that are known to be different from the inventory or carrying values as of the close of the accounting period should be shown in the column marked "Current Value." The total inventory or adjusted carrying value (not Current Value) must agree with the Total for Item VI on Summary.

APPENDIX B

[No change]
RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
[No Change]

Committee Notes
[No Change]
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
2003 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.612(19), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 733.617, Fla. Stat. Compensation of personal representative.
§ 733.6171, Fla. Stat. Compensation of attorney for the personal representative.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
Rule References
[No Change]
RULE 5.385. DETERMINATION OF BENEFICIARIES AND SHARES
(a)  (c) [No Change]

Committee Notes

[No Change]
Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Subdivision (c) added to implement procedure formerly found in section 733.105(2), Florida Statutes. Committee notes revised.
2003 Revision: Change in subdivision (c) to replace "heirs or devisees" with "beneficiaries" to incorporate term used in section 733.105, Florida Statutes. Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
ch. 49, Fla. Stat. Constructive service of process.
§ 731.201(2), (21)(23), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.105, Fla. Stat. Determination of beneficiaries.
Rule References
[No Change]
*155 RULE 5.400. DISTRIBUTION AND DISCHARGE
(a)  (e) [No Change]

Committee Notes

[No Change]
Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution, or compensation in rule 5.401.
1988 Revision: Subdivision (b)(1) is deleted to avoid duplication with rule 5.346. Subdivision (c) is amended to add the 12-month time specification of section 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition in (a)(4) of specific attorney fee compensation disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all compensation. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (f) deleted to avoid duplication with rule 5.180.
2006 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(10), (21)(12), (23), Fla. Stat. General definitions.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.809, Fla. Stat. Right of retainer.
§ 733.810, Fla. Stat. Distribution in kind; valuation.
§ 733.811, Fla. Stat. Distribution; right or title of distributee.
§ 733.812, Fla. Stat. Improper distribution or payment; liability of distributee or payee.
§ 733.901, Fla. Stat. Final discharge.
Rule References
[No Change]
RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a)  (f) [No Change]

Committee Notes
Rule History
1984 Revision: New rule. Objections to the petition for discharge or final accounting were formerly under prior rule 5.400. Clarifies procedure for objections.
1988 Revision: Editorial changes in (a). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (d) amended to clarify that 90-day period pertains to service of hearing notice, not the actual hearing date.
2003 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(10), (21)(12), (23), Fla. Stat. General definitions.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation *156 of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
Rule References
[No Change]
RULE 5.405. PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY
(a)  (c) [No Change]

Committee Notes

[No Change]
Rule History
1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subdivision (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (c) amended to require description of real property that is the subject of the petition, description of any homestead property, and definition of specific interests of persons entitled to homestead real property.
2002 Revision: Replaces "homestead" with "protected homestead" throughout to conform to addition of term in section 731.201(29), Florida Statutes. Committee notes revised.
2003 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Constitutional Reference
[No Change]
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§ 731.201(29)(31), Fla. Stat. General definitions.
§ 732.401, Fla. Stat. Descent of homestead.
§ 732.4015, Fla. Stat. Devise of homestead.
§ 733.607, Fla. Stat. Possession of estate.
§ 733.608, Fla. Stat. General power of the personal representative.
Rule References
[No Change]
RULE 5.430. RESIGNATION OF PERSONAL REPRESENTATIVE
(a)  (k) [No Change]

Committee Notes

[No Change]
Rule History
1975 Revision: The rule provides for the orderly succession of personal representatives in the event a personal representative resigns or is removed.
1977 Revision: Editorial change in committee note.
1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Rule completely revised to comply with statutory changes. Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.104, Fla. Stat. Verification of documents.
§ 731.201(21)(23), Fla. Stat. General definitions.
*157 § 733.101, Fla. Stat. Venue of probate proceedings.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.503, Fla. Stat. Appointment of successor upon resignation.
§ 733.5035, Fla. Stat. Surrender of assets after resignation.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
Rule References
[No Change]
RULE 5.440. PROCEEDINGS FOR REMOVAL
(a)  (d) [No Change]

Committee Notes

[No Change]
Rule History
1980 Revision: Subdivision (a) amended to require formal notice to interested persons and to delete requirement that court give directions as to mode of notice. Surety authorized to petition for removal.
1984 Revision: Editorial changes. Provisions in prior rule for contempt have been deleted since the court has the inherent power to punish for contempt. Committee notes revised.
1988 Revision: Last phrase of (a) added to implement the procedure found in section 733.505, Florida Statutes. Subdivision (b) amended to parallel interim accounting rules. Deletes ability to extend time to file and adds reference to court power to punish for contempt. Committee notes expanded. Editorial changes. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2002 Revision: Entire rule amended. Contents of accountings by removed fiduciaries are now governed by rule 5.346. Editorial changes in (a), (c), and (d). Committee notes revised.
2003 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 731.201(21)(23), Fla. Stat. General definitions.
§ 733.504, Fla. Stat. Removal of personal representative; causes of removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.5061, Fla. Stat. Appointment of successor upon removal.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.509, Fla. Stat. Surrender of assets upon removal.
Rule References
[No Change]
RULE 5.620. INVENTORY
(a)  (d) [No Change]

Committee Notes
Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
*158 1991 Revision: Former rule 5.620(b) has been deleted as partly substantive and addressed in section 744.381, Florida Statutes, and the procedural part is unnecessary.
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
1992 Revision: Citation form changes in committee notes.
2005 Revision: Editorial changes in (d).
2007 Revision: Committee notes revised.
Statutory References
§ 199.062(4), Fla. Stat. Annual tax information reports.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.381, Fla. Stat. Appraisals.
§ 744.384, Fla. Stat. Subsequently discovered or acquired property.
Rule References
[No Change]
RULE 5.630. PETITION FOR APPROVAL OF ACTS
(a)  (c) [No Change]

Committee Notes
Rule History
1975 Revision: Substantially the same as sections 744.503, 744.447, and 744.451, Florida Statutes, with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.447(2), Florida Statutes.
1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 revised guardianship law.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2006 Revision: New (a)(6) added to incorporate 2006 amendment to section 744.441, Florida Statutes. New (c)(3) added to reflect passage of 2006 amendment to section 737.2065, Florida Statutes. Committee notes revised.
2007 Revision: Committee notes revised.
Statutory References
§ 737.2065736.0207, Fla. Stat. Trust contests.
§ 744.3215, Fla. Stat. Rights of persons determined incapacitated.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.
Rule References
[No Change]
*159 RULE 5.648. EMERGENCY TEMPORARY GUARDIAN
(a) Petition for Appointment of Emergency Temporary Guardian.
Prior to appointment of a guardian but after a petition for determination of incapacity has been filed, the alleged incapacitated person or any adult interested in the welfare of that person may petition for the appointment of an emergency temporary guardian of the person or property. The petition shall be verified and shall state:
(1) the petitioner's residence and post office address;
(2) the name, age, and residence and post office address of the alleged incapacitated person;
(3) that there appears to be imminent danger that the physical or mental health or safety of the alleged incapacitated person will be seriously impaired or that the alleged incapacitated person's property is in danger of being wasted, misappropriated, or lost unless immediate action is taken;
(4) the nature of the emergency and the reason immediate action must be taken;
(5) the extent of the emergency temporary guardianship, either limited or plenary, requested for the alleged incapacitated person, and, if known, the nature and value of the property to be subject to the emergency temporary guardianship;
(6) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(7) the name and residence and post office address of the proposed emergency temporary guardian, and that the proposed emergency temporary guardian is qualified to serve, or that a willing and qualified emergency temporary guardian has not been located; and
(8) the proposed emergency temporary guardian's relationship to or any previous association with the alleged incapacitated person.
(b) Notice. Unless the court orders otherwise, notice of filing of the petition for appointment of an emergency temporary guardian and any hearing on the petition shall be served before the hearing on the petition on the alleged incapacitated person and on the alleged incapacitated person's attorney.
(c) Service on Public Guardian. If the petitioner requests appointment of the public guardian as emergency temporary guardian, a copy of the petition and notice shall be served on the public guardian.
(d) Order. The order appointing the emergency temporary guardian shall specify the powers and duties of the emergency temporary guardian.
(e) Extension of Authority. Prior to the expiration of the authority of the emergency temporary guardian, any interested person may file a verified petition for extension of authority of the emergency temporary guardian. The petition must show that the conditions that warranted the initial appointment of the emergency temporary guardian still exist. The petition shall be served on the ward's attorney and on the emergency temporary guardian.
(f) Final Report. An emergency temporary guardian shall file a final report no later than 30 days after the expiration of the emergency temporary guardianship. A copy of the final report shall be served on the successor guardian, if any, the ward, and the ward's attorney. With approval of the court, service on the ward may be accomplished by serving the attorney for the ward.
(1) If the emergency temporary guardian is a guardian of the property, the final report shall consist of a verified inventory *160 of the ward's property as of the date letters of emergency temporary guardianship were issued, a final accounting that gives a full and correct account of the receipts and disbursements of all the ward's property over which the guardian had control, and a statement of the property on hand at the end of the emergency temporary guardianship.
(2) If the emergency temporary guardian is a guardian of the person, the final report shall summarize the activities of the guardian with regard to residential placement, medical condition, mental health and rehabilitative services, and the social condition of the ward to the extent of the authority granted to the emergency temporary guardian.
(3) If the emergency temporary guardian becomes the successor guardian of the property or person of the ward, the final report must satisfy the requirements of, and shall serve as, the initial report of the guardian of the property or person of the ward, as the case may be, as set forth in rule 5.690.

Committee Notes
Rule History
2007 Revision: New rule.
Statutory References
§ 744.3031, Fla. Stat. Emergency temporary guardianship.
§ 744.344(4), Fla. Stat. Order of appointment.
Rule References
Fla. Prob. R. 5.600 Oath.
Fla. Prob. R. 5.690 Initial Guardianship Report.
NOTES
[1] The appendix does not reflect amendments to the Florida Probate Rules that were adopted by the Court in In re Amendments to the Florida Probate Rules, 959 So.2d 1170 (Fla.2007). Those amendments become effective on January 1, 2008, at 12:01 a.m.
[2] An original and nine paper copies of all comments must be filed with the Court on or before September 10, 2007, with a certificate of service verifying that a copy has been served on the Committee Chair, Linda S. Griffin, 1455 Court Street, Clearwater, Florida XXXXX-XXXX, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until October 1, 2007, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).